# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1094

_____

United States of America

*Plaintiff - Appellee*

v.

Albert Lambers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: August 19, 2013
Filed: August 22, 2013
[Unpublished]

_____

Before SMITH, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Albert Lambers pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The presentence report noted that he had three prior felony convictions which qualified as violent felonies or serious drug offenses (a 1996 Missouri voluntary-manslaughter conviction, a 1999 Missouri stealing-from-a-person conviction, and a 2002 federal conviction for possessing cocaine base with

intent to distribute), and thus recommended applying 18 U.S.C. § 924(e) with its mandatory minimum prison term of 15 years. The government moved under 18 U.S.C. § 3553(e) for a sentence below the mandatory minimum. After concluding that section 924(e) applied to Lambers, the district court[1] granted the government's motion and sentenced him to 84 months in prison and 3 years of supervised release.

On appeal, defense counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Lambers's manslaughter conviction was not a violent felony under section 924(e), because it required a mens rea of only sudden passion rather than intentional, purposeful conduct; that the Missouri stealing-from-a-person offense was not a violent felony, contrary to the holding in United States v. Hennecke, 590 F.3d 619 (8th Cir. 2010); and that, because the court sentencing Lambers in 2002 did not determine whether the prior manslaughter and stealing convictions were crimes of violence under USSG §4B1.2(a), the government was collaterally estopped from arguing in this case that they were violent felonies. Lambers's pro se submission restates his counsel's arguments, which we reject.

First, the stealing conviction was a violent felony. See Hennecke, 590 F.3d at 622-24 (Missouri stealing-from-a-person conviction is crime of violence because it otherwise involves conduct that presents serious potential risk of physical injury to another under USSG §4B1.2(a)(2)); see also United States v. Montgomery, 701 F.3d 1218, 1222 n.3 (8th Cir. 2012) (courts treat as interchangeable crime of violence under USSG §4B1.2(a) and violent felony under § 924(e)). Likewise, the manslaughter conviction was a violent felony, as Missouri's voluntary-manslaughter statute contains an element of using physical force against another person. See 18 U.S.C § 924(e)(2)(B)(i); State v. Twenter, 818 S.W.2d 628, 634 (Mo. 1991) (voluntary-manslaughter statute in Missouri proscribes the *knowing* killing of a

---

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

person under the influence of sudden passion arising from adequate cause).  Finally, the doctrine of issue preclusion did not bar the district court from determining that the manslaughter and stealing convictions were violent felonies, as those issues were not addressed when Lambers was sentenced in 2002.  See B & B Hardware, Inc. v. Hargis Indus., 716 F.3d 1020, 1024 (8th Cir. 2013) (issue preclusion applies when party sought to be precluded was party or in privity with party to prior action; and issue is the same as one that was actually litigated in prior action, was determined by valid and final judgment, and was essential to prior judgment).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues.  Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____