NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0371n.06

No. 15-3982

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Jul 01, 2016 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| AKIRA O. JACKSON, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| Defendant-Appellant. | ) | DISTRICT OF OHIO |
| | ) | |

Before: KETHLEDGE, WHITE, and DAVIS,[*] Circuit Judges.

DAVIS, Circuit Judge.   Akira O. Jackson was sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e) based in part on his prior Georgia conviction for conspiracy to commit voluntary manslaughter.  The Armed Career Criminal Act ("ACCA") provides a fifteen-year mandatory minimum sentence for any individual convicted of a firearms offense under 18 U.S.C. § 922 who has three prior convictions for a violent felony or a serious drug offense. § 924(e)(1).  Jackson challenges his designation as an armed career criminal, arguing that he does not have three qualifying convictions under the ACCA because Georgia's voluntary manslaughter offense is not a "violent felony" under the Act.  For the reasons set forth below, we affirm the district court.

---

[*] The Honorable Andre M. Davis, Senior Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

I.

Jackson was indicted on one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and one count of being a violent felon in possession of body armor in violation of 18 U.S.C. § 924(a)(7). He pled guilty to both counts. The U.S. Probation Office prepared a Presentence Investigation Report in which it concluded that Jackson qualified as an armed career criminal under the ACCA. Jackson objected to this determination on the ground that his conviction for conspiracy to commit voluntary manslaughter—one of the three predicate offenses relied on by the probation officer to support the armed career criminal designation—is not a "violent felony" under the ACCA and therefore does not qualify as a predicate offense under the Act. The district court disagreed, sentencing Jackson as an armed career criminal over objection. The court sentenced Jackson to 188 months of incarceration on the first count, the mandatory minimum sentence required by the ACCA. Jackson filed a timely appeal asking us to vacate his conviction under § 924(e) and to remand his case for resentencing without the armed career criminal enhancement.

II.

We review de novo a district court's determination that a prior conviction constitutes a "violent felony" under the ACCA. *United States v. Anderson*, 695 F.3d 390, 399 (6th Cir. 2012) (citation omitted).

Under the ACCA, a "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B). To determine whether a previous conviction constitutes a

"violent felony" under the ACCA, we apply the categorical approach, looking to "the statutory definition of the offense and not the particular facts underlying the conviction." *Anderson*, 695 F.3d at 399 (quoting *United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010)).

Relying on *Johnson v. United States*, 559 U.S. 133 (2010), Jackson argues that his Georgia conviction for conspiracy to commit voluntary manslaughter does not qualify as a violent felony under the ACCA because the use, attempted use, or threatened use of physical force against another person is not an element of the offense. In *Johnson*, the Supreme Court held that "physical force" as used in § 924(e)(2)(B) means "*violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140. Georgia's voluntary manslaughter statute provides that "[a] person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." Ga. Code Ann. § 16-5-2(a). Because one must "cause[] the death of another human being," to be convicted under section 16-5-2 but need not do so by physical force, Jackson reasons, Georgia's voluntary manslaughter statute does not require physical force as defined in *Johnson* and Jackson's conviction under that statute therefore fails to qualify as a violent felony under the ACCA.

Our reasoning in *United States v. Anderson* dictates the result in this case. There, we considered a similar argument involving Ohio's aggravated assault statute, which provides that one commits aggravated assault when that individual

> while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force . . . knowingly: (1) [c]ause[s] serious physical harm to another . . . [or] (2) [c]ause[s] or attempt[s]

to cause physical harm to another . . . by means of a deadly weapon or dangerous ordnance . . . .

695 F.3d at 399–400 (alterations in original) (quoting Ohio Rev. Code Ann. § 2903.12(A)). We concluded that a conviction under the Ohio aggravated assault statute qualifies as a violent felony under *Johnson* because the statute "requires proof of 'serious physical harm' or 'physical harm . . . by means of a deadly weapon or dangerous ordnance,' necessarily requir[ing] proof that the defendant used 'force capable of causing physical pain or injury.'" *Id.* at 400 (omission in original) (quoting § 2903.12(A), then *Johnson*, 559 U.S. at 140). In other words, "one can 'knowingly . . . [c]ause serious physical harm to another,' only by knowingly using force capable of causing physical pain or injury, *i.e.*, violent physical force, in the context of determining what crime constitutes a 'violent felony' under § 924(e)(2)(B)(i)." *Id.* (alterations in original) (quoting § 2903.12(A)).

Like the statute at issue in *Anderson*, Georgia's voluntary manslaughter statute does not contain an express element requiring the use, attempted use, or threat of physical force. However, as we reasoned in *Anderson*, proof that a person "cause[d] the death of another human being under circumstances which would otherwise be murder," § 16-5-2(a), necessarily requires proof that the individual used "force capable of causing physical pain or injury," *Anderson*, 695 F.3d at 400 (quoting *Johnson*, 559 U.S. at 140). Although Jackson attempts to counter this logic by identifying possible factual scenarios in which an individual might "cause[] the death of another human being" without the use of force, like poisoning or laying a trap, we rejected that argument in *Anderson*, agreeing with the Seventh Circuit that "a defendant's deceit or fraud on the will of a victim which causes serious bodily injury is 'equivalent' to the use of force." *Id.* (quoting *De Leon Castellanos v. Holder*, 652 F.3d 762, 766–67 (7th Cir. 2011)). Jackson's other attempt to distinguish *Anderson* by pointing out that Ohio's aggravated assault statute requires

that a provocation "incite the person into using deadly force" also fails. We did not rely on this statutory language in our analysis in *Anderson*, and its omission from Georgia's voluntary manslaughter statute does nothing to diminish the applicability of *Anderson*'s reasoning here.

Accordingly, we conclude that use of physical force is an element of the Georgia offense of voluntary manslaughter and that Jackson's conviction under section 16-5-2 thus qualifies as a violent felony under the ACCA. We therefore affirm Jackson's conviction and sentence.

**HELENE N. WHITE** (concurring). I agree that this case is controlled by the majority opinion in *United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012), and that *Johnson v. United States*, 559 U.S.133 (2010), leaves us restricted to the enumerated-offense or elements analysis. I write separately simply to state that I continue to disagree with this aspect of the majority's holding in *Anderson*, as explained in my partial concurrence, 695 F.3d at 403–06.