**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4015**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

ANTOINE DARRELL SMITH,

　　　　Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:16-cr-00078-CCE-1)

Argued:  January 25, 2018　　　　　　　　　　Decided:  February 15, 2018

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by published opinion. Judge Wilkinson wrote the opinion, in which Judge Traxler and Judge Duncan joined.

**ARGUED:** John David Bryson, WYATT, EARLY, HARRIS & WHEELER, LLP, High Point, North Carolina, for Appellant.  JoAnna Gibson McFadden, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Sandra J. Hairston, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

WILKINSON, Circuit Judge:

The district court held that the North Carolina crime of voluntary manslaughter is a violent felony under the force clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i). We agree, and affirm the enhanced sentence imposed on Antoine Smith as a result.

I.

Antoine Smith pled guilty to one count of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g).

Smith's presentence investigative report determined that he was subject to the enhanced penalties of ACCA because he had "violate[d] section 922(g) . . . and ha[d] three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). According to the report, the qualifying violent felonies were two convictions for North Carolina felony robbery with a dangerous weapon and one conviction for North Carolina voluntary manslaughter. Smith objected to the enhancement, arguing that North Carolina voluntary manslaughter is not a violent felony for purposes of ACCA. The district court disagreed and applied the enhancement, sentencing Smith to the resulting mandatory minimum of 180 months.

Smith appeals on the grounds that North Carolina voluntary manslaughter does not qualify as a violent felony under ACCA because it can be committed with a *mens rea* of

mere negligence or recklessness. We review this question de novo. *United States v. Hemingway*, 734 F.3d 323, 331 (4th Cir. 2013).

II.

Under ACCA, "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another" is a "violent felony." 18 U.S.C. § 924(e)(2)(B). To determine whether a prior conviction qualifies as a "violent felony," we apply the categorical approach, and thus look to the elements of the crime of conviction rather than to the defendant's actual conduct. *See United States v. Doctor*, 842 F.3d 306, 308 (4th Cir. 2016). We therefore begin with the elements of the North Carolina crime of voluntary manslaughter before considering whether this crime is categorically violent.

Voluntary manslaughter in North Carolina is "the unlawful killing of a human being without malice, express or implied, and without premeditation and deliberation." *State v. McNeil*, 518 S.E.2d 486, 506 (N.C. 1999) (quoting *State v. Rinck*, 280 S.E.2d 912, 923 (N.C. 1981)). As the North Carolina Supreme Court has recognized, "[g]enerally, voluntary manslaughter occurs when one kills intentionally but does so in the heat of passion suddenly aroused by adequate provocation or in the exercise of self-defense where excessive force is utilized or the defendant is the aggressor." *State v. Barts*, 343 S.E.2d 828, 845 (N.C. 1986). The North Carolina Pattern Jury Instructions provide that the elements of voluntary manslaughter are: (1) "that the defendant killed the victim by an intentional and unlawful act"; (2) "that the defendant's act was a proximate cause of the victim's death"; (3) "that the defendant [did not act in self-defense] or

3

[though acting in self-defense was the aggressor] (or) [though acting in self-defense used excessive force]." NCPJI Crim. 206.40 (brackets in original) (citation omitted). Trial courts can refuse to give a voluntary manslaughter jury instruction if the defendant does not provide evidence of adequate provocation or self-defense. *See Barts*, 343 S.E.2d at 845.

Smith correctly notes that North Carolina treats voluntary manslaughter as a lesser crime than second-degree murder, which is defined as "the unlawful killing of a human being *with malice* but without premeditation and deliberation." *State v. McCollum*, 579 S.E.2d 467, 470 (N.C. App. 2003) (quoting *State v. Wilkerson*, 247 S.E.2d 905, 915 (N.C. 1978)). He is wrong to conclude, however, that this means voluntary manslaughter must criminalize conduct that is merely negligent, or that is otherwise justified or nonviolent. Basically, what separates voluntary manslaughter from murder is not an absence of intent but rather the circumstances in which that intent is exercised, namely, as we have noted, in the heat of passion or under provocation. As the North Carolina courts have stated, voluntary manslaughter in North Carolina is "essentially a first-degree murder, where the defendant's reason is temporarily suspended by legally adequate provocation." *State v. Rainey*, 574 S.E.2d 25, 30 (N.C. App. 2002). The pattern jury instructions, which specifically require an intentional act, reflect this level of culpability. *See* NCPJI Crim. 206.40. Pleading guilty to voluntary manslaughter thus necessarily entails acknowledging that one's conduct was not justified by the affirmative defenses that would normally result in acquittal.

Smith's final line of argument focuses on a sub-issue within a sub-issue of the definition of voluntary manslaughter: the possibility of conviction based on using an unreasonable amount of force while acting in self-defense. *See State v. Shoemaker*, 341 S.E.2d 603, 607–08 (N.C. App. 1986). Pointing to the role of reasonableness in this formulation, Smith concludes that this form of voluntary manslaughter criminalizes the negligent use of force. This conflates two distinct aspects of the crime, however. Even if a defendant acted only negligently in choosing the *amount* of force to use in such a case, the underlying decision to *use* force was still an intentional one. Such a defendant could not say that his use of force was accidental or that it was merely through negligence or recklessness that he used "physical force against the person of another." 18 U.S.C. § 924(e)(2)(B).

While the precise contours of ACCA's *mens rea* requirement may be disputed, it is certain that the intent required for North Carolina voluntary manslaughter is sufficient to qualify it as a categorically violent predicate. The Supreme Court has interpreted 18 U.S.C. § 16, which contains a nearly identical definition for the term "crime of violence" as ACCA does for the term "violent felony," to require "a higher *mens rea* than [] merely accidental or negligent conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004).

*Leocal* makes clear that "use" in the force clause of ACCA requires that the force involved in the qualifying offense be volitional, *see id.*, which it plainly is in a voluntary manslaughter conviction under North Carolina law. It is beyond dispute that the *intentional* use of force satisfies the *mens rea* requirement of ACCA's force clause. That is exactly what is required to support conviction for North Carolina voluntary

5

manslaughter. In similar circumstances, the Sixth and Eighth Circuits have reached the same conclusion: voluntary manslaughter is a violent felony for purposes of ACCA if it proscribes conduct that would otherwise be murder except for circumstances that served as partial justification for the conduct. *See United States v. Jackson*, 655 F. App'x 290 (6th Cir. 2016) (voluntary manslaughter in Georgia is a violent felony under ACCA); *United States v. Lambers*, 527 F. App'x 586 (8th Cir. 2013) (per curiam) (voluntary manslaughter in Missouri is a violent felony under ACCA). Any other conclusion would strain North Carolina law beyond the breaking point.

Simply put, voluntary manslaughter in North Carolina requires an intentional killing. It thus plainly involves "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). The judgment of the district court is therefore

*AFFIRMED*.

6