**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4654**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

JARVIS LAMONT PATE,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:17-cr-00056-CCE-1)

Submitted: April 19, 2018                                    Decided: April 23, 2018

Before GREGORY, Chief Judge, and THACKER and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarvis Lamont Pate pled guilty to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Pate to 151 months' imprisonment for the drug conviction and a concurrent term of 120 months' imprisonment for the firearm conviction. On appeal, Pate's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal. Pate has filed a pro se supplemental brief, raising several issues. We affirm.

Pate asserts that his guilty plea was not knowing and voluntary because the district court failed to advise him during the plea hearing that he might be subject to a career offender enhancement under U.S. Sentencing Guidelines Manual § 4B1.1 (2016). Because Pate did not seek to withdraw his plea, we review the acceptance of his plea only for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014); *see Puckett v. United States*, 556 U.S. 129, 135 (2009) (discussing standard). Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Pate's guilty plea. Contrary to Pate's argument, "Rule 11 does not require courts to inform defendants of the applicable [Sentencing] Guidelines . . . ranges." *United States v. Hairston*, 522 F.3d 336, 340 (4th Cir. 2008). We therefore conclude that the district court did not plainly err in accepting Pate's guilty plea.

2

Turning to Pate's sentence, we review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 49-51 (discussing standards). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Pate contends that the district court procedurally erred by incorrectly designating him as a career offender, arguing that his North Carolina voluntary manslaughter conviction is not a crime of violence under USSG § 4B1.2(a). His claim is foreclosed by Circuit precedent. *See United States v. Smith*, 882 F.3d 460, 462 (4th Cir. 2018) (holding, in context of Armed Career Criminal Act ("ACCA"), that North Carolina voluntary manslaughter is violent felony); *United States v. Montes-Flores*, 736 F.3d 357, 363 (4th Cir. 2013) (recognizing that court relies interchangeably on Guidelines and ACCA precedents in evaluating whether offense qualifies as crime of violence or violent felony). Moreover, our review of the record reveals that the district court did not otherwise commit procedural error at sentencing and that Pate fails to rebut the presumption of substantive reasonableness afforded to his within-Guidelines-range sentence. *See Gall*, 552 U.S. at 49-51; *Louthian*, 756 F.3d at 306.

3

Finally, Pate contends that trial counsel rendered ineffective assistance by advising him to accept a plea agreement containing an appeal waiver.[*] We will not consider such a claim on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Our review of the record reveals no conclusive evidence of ineffective assistance. Consequently, Pate's claim "should be raised, if at all, in a 28 U.S.C. § 2255 [(2012)] motion." *Id.* at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Pate, in writing, of the right to petition the Supreme Court of the United States for further review. If Pate requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pate. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] The Government has not invoked the appeal waiver.