**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4562**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARK LEON ANDREWS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cr-00208-D-1)

Submitted:  March 24, 2022                     Decided:  May 12, 2022

Before WYNN and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Leon Andrews pleaded guilty, without a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. The district court sentenced Andrews to 288 months' imprisonment. On appeal, Andrews argues that (1) the district court abused its discretion by finding that he was competent to plead guilty and declining to order a second competency evaluation; (2) his guilty plea is invalid because he was not informed of each element of the § 922(g) offense during the Fed. R. Crim. P. 11 hearing; and (3) his sentence is procedurally and substantively unreasonable. For the following reasons, we affirm.

We review for abuse of discretion both a district court's failure to conduct a competency hearing or evaluation, *United States v. Ziegler*, 1 F.4th 219, 228 (4th Cir. 2021), and a court's finding that a defendant is competent to plead guilty, *United States v. Moussaoui*, 591 F.3d 263, 291 (4th Cir. 2010). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

Andrews first argues that the district court abused its discretion in finding that he was competent to plead guilty. Competency turns on "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *United States v. Bernard*, 708 F.3d 583, 593 (4th Cir. 2013)

2

(internal quotation marks omitted). "[D]istrict courts are in the best position to make competency determinations," *id.*, for they alone may assess a defendant's demeanor in evaluating his "capacity to understand the proceedings and to assist counsel," *see Godinez v. Moran*, 509 U.S. 389, 402 (1993). Our review of the record leads us to conclude that the district court did not abuse its discretion in finding that Andrews was competent to plead guilty.

Relatedly, Andrews also argues that the district court erred by refusing to order a second competency evaluation. At any time prior to sentencing, a district court must conduct a competency hearing "'if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him.'" *United States v. Torrez*, 869 F.3d 291, 322 (4th Cir. 2017) (quoting 18 U.S.C. § 4241(a)). If the district court determines that a competency hearing is necessary, it "may [also] order that a psychiatric or psychological examination of the defendant be conducted" prior to the hearing. 18 U.S.C. § 4241(b). The mere presence of mental illness is not "equated with incompetence," *Bernard*, 708 F.3d at 593 (internal quotation marks omitted), and "not every manifestation of mental illness demonstrates incompetence to stand trial," *Ziegler*, 1 F.4th at 231 (internal quotation marks omitted). Rather, "there are no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed." *Moussaoui*, 591 F.3d at 291 (internal quotation marks omitted). After reviewing the record, we conclude that the district court

3

did not abuse its discretion by declining to order that Andrews undergo a second competency evaluation before proceeding on the charges against him.

Next, Andrews argues that his guilty plea is invalid because he was not informed of all the elements of the charge against him prior to the entry of his plea. Because Andrews neither raised an objection during the Rule 11 proceeding nor moved to withdraw his guilty plea in the district court, we review the validity of Andrews' plea for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under the plain error standard, Andrews "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. After reviewing the record, we conclude that the district court adequately informed Andrews of the nature and elements of the charge against him and did not plainly err in accepting his plea. *See United States v. Moody*, 2 F.4th 180, 197-98 (4th Cir. 2021) (explaining government is not required to prove defendant knew he was prohibited from possessing firearm to convict under § 922(g)).

Andrews also argues that his sentence is procedurally unreasonable. We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range— under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "To determine whether a sentence is procedurally reasonable, [we] consider[] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted).

4

Andrews first argues that the district court erred in applying a cross-reference and using the advisory Guidelines provision relating to kidnapping, abduction, or unlawful restraint to determine the base offense level for his offense. We review the factual findings underlying a district court's application of a Guidelines cross-reference for clear error and its legal conclusions de novo. *United States v. Ashford*, 718 F.3d 377, 380, 383 (4th Cir. 2013). "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (internal quotation marks omitted).

"In the event of a conviction for illegal possession of a firearm, [U.S. Sentencing Guidelines Manual] § 2K2.1(c) [(2018)] authorizes a district court to substitute the offense level for any criminal offense that the defendant committed or attempted to commit in connection with the possession of the firearm." *Ashford*, 718 F.3d at 381. The other criminal offense may be "any federal, state, or local offense . . . regardless of whether a criminal charge was brought, or a conviction was obtained." USSG § 2K2.1, cmt. n.14(C). "[T]he Government has the burden to prove a cross-referenced offense by a preponderance of the evidence." *United States v. Davis*, 679 F.3d 177, 182 (4th Cir. 2012). Our review of the record and relevant authorities leads us to conclude that the district court did not err in applying the cross-reference to kidnapping, abduction, or unlawful restraint in calculating Andrews' offense level.

Andrews also argues that the district court erred in finding that his prior conviction for North Carolina voluntary manslaughter was a valid predicate offense to support an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA).

5

We review de novo whether an offense qualifies as a violent felony under the ACCA. *United States v. Smith*, 882 F.3d 460, 462 (4th Cir. 2018). However, because Andrews did not argue at sentencing that North Carolina voluntary manslaughter is not a violent felony for the purpose of the ACCA enhancement, our review is for plain error. *See United States v. Carthorne*, 726 F.3d 503, 509 (4th Cir. 2013). Accordingly, Andrews must demonstrate "(1) that an error was made; (2) that the error was plain; and (3) that the error affected his substantial rights." *Id.* at 510. We conclude that the district court did not plainly err in finding that North Carolina voluntary manslaughter is a valid predicate offense under the ACCA. *See Smith*, 882 F.3d at 464.

Finally, Andrews argues that his sentence is substantively unreasonable. "If the [c]ourt finds no significant procedural error, it then considers the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (cleaned up). We look to "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)," *id.* at 176 (internal quotation marks omitted), and presume that a sentence within a defendant's advisory Guidelines range is substantively reasonable, *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Gutierrez*, 963 F.3d 320, 344 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 419 (2020). Andrews has failed to rebut the presumption that his within-Guidelines sentence is substantively reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*