**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 21-4381**

───────────

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

EDWARD LAMONT GLOVER,

> Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00500-WO-1)

───────────

Submitted:  August 1, 2022                    Decided:  August 5, 2022

───────────

Before NIEMEYER, AGEE, and RUSHING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Noell P. Tin, TIN FULTON WALKER & OWEN, Charlotte, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Lamont Glover appeals his 180-month sentence imposed after he pleaded guilty to being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). On appeal, Glover contends that the district court plainly erred by classifying him as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had three prior convictions for North Carolina felony common law robbery. 18 U.S.C. § 924(e)(2); *see* U.S. Sentencing Guidelines Manual § 4B1.4(b) (2018). For the following reasons, we affirm the criminal judgment.

We generally review de novo whether an offense qualifies as a violent felony under the ACCA. *United States v. Smith*, 882 F.3d 460, 462 (4th Cir. 2018). However, because Glover did not challenge the district court's finding under the ACCA below, our review is for plain error. *See United States v. Carthorne*, 726 F.3d 503, 509 (4th Cir. 2013) (reviewing whether offense was valid career offender predicate for plain error where defendant "did not object to the district court's classification of the [offense] as a crime of violence"). Accordingly, Glover must demonstrate "(1) that an error was made; (2) that the error was plain; and (3) that the error affected his substantial rights." *Id.* at 510.

We have held that North Carolina felony common law robbery is a violent felony under the ACCA. *United States v. Dinkins*, 928 F.3d 349, 355-57 (4th Cir. 2019). Glover argues, however, that subsequent decisions of this court have called this holding into question. "[P]anel decisions are binding on subsequent panels, and we are obligated to reconcile conflicting cases if possible." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 614 (4th Cir. 2020). "When published panel opinions are in direct conflict on a given issue,

2

the earliest opinion controls, unless the prior opinion has been overruled by an intervening opinion from this court sitting *en banc* or the Supreme Court." *McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004) (en banc).

We conclude that *Dinkins* remains binding precedent. Moreover, Glover has failed to demonstrate that "settled law of the Supreme Court or this circuit establishes that an error occurred." *United States v. Simmons*, 917 F.3d 312, 316 (4th Cir. 2019). Therefore, we conclude that the district court did not err, plainly or otherwise, in classifying Glover as an armed career offender.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*